| | |
|---|---|
| DAVID NATHANIEL ROBERTS,<br><br>Plaintiff,<br><br>v.<br><br>FNU RICHER; FNU PRECIADO; FNU CALVINO,<br><br>Defendants. | Case No. 1:21-cv-714-AWI-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO VACATE PRIOR ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND TO DISMISS CASE WITHOUT PREJUDICE[1]<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS<br><br>(Doc. No. 4) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff David Nathaniel Roberts, a state prisoner, is proceeding *pro se* on his civil rights complaint filed pursuant to 42 U.S.C. § 1983 in the Sacramento Division of this court. (Doc. No. 1). Plaintiff accompanied the filing of his complaint with a motion to proceed *in forma pauperis* ("IFP"). (Doc. No. 2). The Sacramento Division of this court granted plaintiff's motion for leave

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

1

to proceed *in forma* pauperis, and thereafter, transferred the case to this court because the incidents giving rise to the cause of action occurred while plaintiff was incarcerated in Kern County, which is within the venue of this court. (Doc. Nos. 4, 8).

For the reasons set forth herein, the court recommends the order granting plaintiff's motion to proceed IFP under 28 U.S.C. § 1915(g) be vacated and instead the motion be denied because plaintiff has had at least three dismissals that constitute strikes and he has not established he meets the imminent danger exception. The court further recommends the case be dismissed without prejudice if plaintiff fails to pay the filing fee before the objection period expires.

## I. BACKGROUND AND FACTS

Plaintiff, who currently is incarcerated at California State Prion, Sacramento, initiated this action by filing a § 1983 civil rights complaint. (Doc. No. 1). According to the complaint, the trust office at the "WSP-RC" facility stole plaintiff's money orders sent to him from his family. (Doc. No. 1 at 3). Plaintiff states that he is "afraid its gonna happen here." (*Id.*). Where "here" is remains unclear, but the court presumes plaintiff means his place of current confinement, California State Prion, Sacramento. (*Id.*)

## II. APPLICABLE LAW

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)). Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir.

2007).  Regardless of whether the dismissal was with or without prejudice, a dismissal for failure to state a claim counts as a strike under § 1915(g).  *Lomax,* 140 S. Ct. at 1727.

To determine whether a dismissal counts as a strike, a reviewing court looks to the dismissing court's actions and the reasons underlying the dismissal.  *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).  For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the it occurred before plaintiff initiated the instant case.  *See* § 1915(g).  A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal dismissed for the same reasons.  *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal).  When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g).  *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).  A dismissal for failure to state a claim relying on qualified immunity counts as a strike.  *Reberger v. Baker*, 657 F. App'x 681, 683-84 (9th Cir. Aug. 9, 2016).

Although not exhaustive, dismissals that do *not* count as § 1915(g) strikes include: dismissals of habeas corpus petitions, unless the habeas was purposefully mislabeled to avoid the three strikes provision.  *See generally El-Shaddai v. Zamora*, 833 F.3d 1036, 1046 (9th Cir. 2016) (dismissals of habeas cases do not count as strikes, noting exception).  A denial or dismissal of writs of mandamus petitions, the *Younger*[2] abstention doctrine, and *Heck v. Humphrey*[3] generally do not count as a strike, but in some instances *Heck* dismissals may count as a strike.  *See Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d at 1055-58 (citations omitted) (recognizing some *Heck* dismissals may count as strikes but noting others do not; and reiterating abstention doctrine dismissals and writs of mandamus do not count as strikes).  A dismissal of a claim based on sovereign immunity does not count as a strike.  *Hoffman v. Pulido*, 928 F.3d 1147

---

[2] *Younger v. Harris*, 401 U.S. 37 (1971).
[3] *Heck v. Humphrey*, 512 U.S. 477 (1994).

3

(9th Cir. 2019). The Ninth Circuit also does not count cases dismissed for lack of jurisdiction as strikes. *Moore v. Maricopa Cty. Sheriff's Off.*, 657 F.3d 890, 894 (9th Cir. 2011). Finally, the Ninth Circuit has ruled that if one reason supporting a dismissal is not a reason enumerated under §1915A, then that reason "saves" the dismissal from counting as a strike. *Harris v. Harris*, 935 F.3d 670 (9th Cir. 2019).

Once prisoner-plaintiffs have accumulated three strikes, they may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoners "faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Caervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit). The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015). However, assertions of imminent danger may be rejected as overly speculative or fanciful. *Andrews*, 493 F. 3d at 1057, fn. 11.

III. ANALYSIS

A. Plaintiff Has Three or More Qualifying Strikes

Plaintiff is identified as a "three-striker" on the national *Pro Se* Three Strike Database and a review of the Pacer Database reveals plaintiff has filed at least 59 civil actions or appeals in a court of the United States and has been deemed a three-striker under § 1915(g) by the court prior to filing this lawsuit.[4] Although not exhaustive, for purposes of this report and recommendation, each of the following cases are properly deemed qualifying § 1915(g) strikes and each were entered before plaintiff commenced the instant action:

| Date of Order | Case Style | Disposition |
|---|---|---|
| March 10, 2020 | *Roberts v. Huckleberry*, Case no. 1:18-cv-01237 (E.D. Ca.) | F&R screening order recommending dismissing plaintiff's fifth amended complaint for failure to state |

---

[4] *See* http://156.128.26.105/LitigantCase.aspx?PersonID=6929 (National Pro Se Database); http://pacer.usci.uscourts.gov.

4

| | | |
|---|---|---|
| | | a claim for excessive force. (Doc. No. 35). The district court order adopting the F&R specifically noted that despite the magistrate judge granting plaintiff leave to file a fifth amended complaint and warning him that the document must be complete, he filed the fifth amended complaint without alleging facts necessary to sustain any cognizable claim. (Doc. No. 57). |
| November 25, 2019 | *Roberts v. KVSP Investigation Service Unit*, 1:19-cv-1055 (E.D. Ca) | F&R screening order recommending dismissal of first amended complaint because plaintiff did not correct pleading deficiencies delineated in the first screening order. (Doc. No. 12). District court adopted the F&R (Doc. No. 14). |
| June 17, 2020 | *Roberts v. CDCR-Trust Office*, Case No. 5:20-cv-00977 (C.D. Ca.) | Dismissed as frivolous, malicious, or for failure to state a claim. (Doc. No. 5). |

This court has previously denied plaintiff's motion to proceed IFP in another case because of his three-striker status. *See,* Case No. 1:21-cv-00097-DAD-EPD (E.D. Ca, Feb. 5, 2021) (noting above-referenced cases as "strikes"). Thus, it is unquestionable that plaintiff has three or more qualifying strikes for purposes of § 1915(g).

### B. The Imminent Danger Exception Does Not Apply

Because plaintiff has three or more qualifying cases, the undersigned next considers whether the allegations in plaintiff's complaint plausibly states facts to fall within the imminent danger of serious physical injury exception. The complaint is devoid of any allegations to warrant a finding that the imminent danger exception applies. To the contrary, the complaint only alleges that money orders and checks being deposited into plaintiff's trust fund account are being

5

stolen. Based on the foregoing, the undersigned finds the complaint does not include any allegations that plaintiff is in imminent danger of serious physical injury to excuse plaintiff from the three-strikes bar.

### C. Plaintiff Must Pay the Filing Fee During Objection Period or Face Dismissal

The undersigned further recommends that if plaintiff does not pay the full filing fee during the thirty-day period for filing his objections, that the district court dismiss the case, without prejudice upon its adoption of the Findings and Recommendation. Considering the Amended Standing Order in Light of Judicial Emergency in the Eastern District of California, this court has an enormous backlog of civil cases and need not permit a litigant all too familiar with the Three Strikes Rule to repeatedly file cases that are frivolous, malicious, or fail to a state claim, and are precisely those cases the Prison Litigation Reform Act was enacted to curtail. *See also Blackwell v. Jenkins*, Case No. 2021 WL 825747, Case no. 2:19-cv-442-TLN-DB (E.D. Ca. March 4 ,2021) (recommending denial of *ifp* motion and dismissal without prejudice, unless prisoner-plaintiff pays the full filing fee by the deadline for filing objections to the findings and recommendations); *see also Dupree v. Gamboa*, Case No. 1:19-cv-953-LJO-GSA, 2019 WL (E.D. Cal. 2019) (denying *in forma pauperis* motion and dismissing case without waiting thirty days to permit plaintiff additional time to pay the filing fee). Providing plaintiff with thirty days, as opposed to the statutory fourteen-day period, to both object and pay the filing fee, provides plaintiff as a *pro se* prisoner litigant sufficient notice and an opportunity to prosecute this action while simultaneously enabling the court an ability to more efficiently manage its overburdened docket.

Accordingly, it is **RECOMMENDED**:

1. The order granting plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 4) be **vacated** and instead the motion (Doc. No. 2) be denied under 28 U.S.C. § 1915(g).

2. If plaintiff does not pay the full filing fee by the thirty-day (30) objection deadline, that the case be dismissed without prejudice.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30)

days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: May 12, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE